UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| ANTHONY TAYLOR, | ) |
| --- | --- |
| Petitioner, | ) |
| v. | ) Case No. 3:12-CV-185 JD |
| SUPERINTENDENT, | ) |
| Respondent. | ) |

## OPINION AND ORDER

Anthony Taylor, a *pro se* prisoner, filed a habeas corpus petition on April 19, 2012, raising a single claim. In the petition, he mistakenly states that he is attempting to challenge a judgment entered by the Miami Circuit Court on March 16, 2010, under cause number 52C01-1006-MI-296. Based on the documents attached by Taylor and the record before the court, it is clear that what he is really challenging is his parole revocation by the Parole Board on March 16, 2010. ECF 1-1 at 29-30. After the Parole Board revoked his parole, Taylor filed a State Habeas Corpus petition in the Miami Circuit Court which was assigned cause number 52C01-1006-MI-296. ECF 1-1 at 40. That petition was denied and Taylor appealed. ECF 1-1 at 45. The Court of Appeals of Indiana affirmed on August 24, 2011. *Taylor v. Sevier*, 52A02-1010-MI-1252 (Ind. Ct. App. 2011), ECF 6-1 at 1. Taylor did not file a petition to transfer to the Indiana Supreme Court, ECF 6-2 at 5, and the time for doing so has now passed. *See* Ind. R. App. P. 57(C) (30 days to file a petition for transfer). Taylor did not challenge his probation revocation in any other State court proceedings. ECF 1 at 1-2.

Taylor's sole claim is that his parole revocation hearing was untimely. The Court of Appeals of Indiana concisely set forth the factual background of this claim and Taylor has not disputed those facts. Therefore, this court must give deference to them. *Renico v. Lett*, 130 S.Ct. 1855, 1862 (2010).

> While on parole, on August 8, 2006, Taylor was arrested for unlawful possession of a firearm by a serious violent felon, a class B felony, and unlawful use of body armor, a class D felony. On April 23, 2007, he was convicted as charged and ordered to serve an aggregate sentence of fifteen years. After notification and a hearing, on March 16, 2010, the Parole Board revoked Taylor's parole because of the new convictions. Thus, Taylor was ordered to serve the balance of his sentence.

*Taylor v. Sevier*, 52A02-1010-MI-1252 (Ind. Ct. App. 2011), slip at 2, ECF 6-1 at 2.

The Respondent argues that Taylor is procedurally defaulted because Taylor did not present his claim to the Indiana Supreme Court. In his response, Taylor acknowledges that he did not file a petition to transfer and that he is procedurally defaulted. However he correctly notes that a procedurally defaulted claim can be considered where a petitioner can show cause and prejudice or where the petitioner is actually innocent. Taylor explains that this is the first habeas corpus petition that he has filed and that he did not know that he needed to file a petition to transfer to the Indiana Supreme Court in order to preserve his opportunity for habeas corpus review. However, "it is well established in this Circuit that circumstances such as youth, lack of education, and illiteracy are not external impediments within the context of excusing procedural default." *Harris v. McAdory*, 334 F.3d 665, 669 (7th Cir. 2003). Indeed, *Harris* went on to hold that neither mental retardation, mental deficiencies, nor mental illness demonstrate cause to excuse procedural default. Therefore, Taylor's ignorance of the law does not excuse the procedural default.

Taylor states that he is not "claiming innocense of the actual parole violation." ECF 10 at 1. Rather, his actual innocence claim is based on "the misuse of Indiana Code 11-13-3-10 whereas he was violated initially for technical rule violations." A petitioner who asserts actual innocence "must *demonstrate* innocence; the burden is his, not the state's . . . ." *Buie v. McAdory*, 341 F.3d 623, 626-27 (7th Cir. 2003) (emphasis in original). Taylor's argument is that the Parole Board waited too

long to revoke his parole. Even if true, this is not actual innocense, it is procedural error which is not a basis for circumventing the consequences of procedural default.

The foregoing is reason enough to deny habeas corpus relief, but the Respondent also argues that Taylor did not present a federal basis for his claim in the State courts. "Fair presentment requires [that] both the operative facts and controlling law [of the federal claim] must be put before the state courts." *Anderson v. Benik*, 471 F.3d 811, 814 (7th Cir. 2006) (quotation marks and citations omitted).

> We will consider four factors when determining whether a petitioner has fairly presented his federal claim to the state courts: 1) whether the petitioner relied on federal cases that engage in a constitutional analysis; 2) whether the petitioner relied on state cases which apply a constitutional analysis to similar facts; 3) whether the petitioner framed the claim in terms so particular as to call to mind a specific constitutional right; and 4) whether the petitioner alleged a pattern of facts that is well within the mainstream of constitutional litigation.

*Anderson v. Benik*, 471 F.3d 811, 815 (7th Cir. 2006) (quotation marks and citations omitted). The goal of this analysis is to determine whether the State court was "apprised of the constitutional nature of the claim." *Id.*

Taylor has not responded to this argument. Nevertheless, a review of the brief he filed with the Court of Appeals of Indiana indicates only one possible reference to a federal claim. ECF 1-1 at 75. In that brief, Taylor cites to *Morrissey v. Brewer*, 408 U.S. 471 (1972). However that citation is not for the purpose of arguing that his 2010 probation revocation hearing was untimely. Rather he uses it to explain that he was denied due process during his 2009 parole release decision hearing. ECF 1-1 at 26-27 and 75. Because Taylor did not present a federal basis for this claim in the State Courts, he did not fairly present it and it is procedurally defaulted. This too is another reason to deny habeas corpus relief.

As a final matter, pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when the court dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For the reasons previously discussed, there is no basis for finding that jurists of reason would debate the correctness of the ruling that this claim is procedurally defaulted. Therefore there is no basis for encouraging Taylor to proceed further. Thus, a certificate of appealability must be denied.

For the foregoing reasons the court **DISMISSES** this case and **DENIES** a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11.

SO ORDERED.

ENTERED:   March 14, 2013

　　　　　　　　　　　　　　　　　　　　　/s/ JON E. DEGUILIO
　　　　　　　　　　　　　　　　　　　Judge
　　　　　　　　　　　　　　　　　　　United States District Court